**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tyrone HOPSON, Defendant–Appellant.**

No. 98–4206.

United States Court of Appeals,
Seventh Circuit.

Argued April 20, 1999.

Decided July 1, 1999.

Donna R. Eide (argued), Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Jack F. Crawford (argued), Crawford & Rader, Indianapolis, IN, for Defendant–Appellant.

Before CUDAHY, DIANE P. WOOD, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

From at least January to March 1998, the Indianapolis Police Department (IPD) kept a close eye on Tyrone Hopson. IPD's investigation began after a confidential informant reported that Hopson was dealing in heroin. The informant told detectives that he saw Hopson cutting heroin several times in his apartment at 7556 Kingsport Road in Indianapolis and that Hopson rented a storage locker nearby for his drug supplies and proceeds. IPD's independent investigation corroborated the informant's accusations. From January to March, detectives regularly saw Hopson's car parked outside the Kingsport Road apartment, which corroborated the informant's information about where Hopson lived. And on March 26, 1998, the manager of the storage facility confirmed that Hopson rented a locker there. The manager also shared the facility's time records, which showed that Hopson's locker was opened regularly and for only a few minutes each time—a pattern consistent with the theory that Hopson was using the lock-

er to further his heroin operation. The manager gave IPD one last tasty morsel: he told the detectives that the people using Hopson's locker drove a U–Haul van.

Later that same day detectives saw a U–Haul van outside Hopson's apartment. When the van left the complex the detectives followed it and, after the driver made a couple of fortuitous (or not) driving mistakes, it was pulled over. To make a long story short, IPD found lots of heroin in the van, all wrapped up in nice, neat individualized packets. The detectives immediately sought and obtained a warrant to search Hopson's Kingsport Road apartment. (Actually they obtained a magistrate judge's signature on a document entitled "Search Warrant Affidavit - Informant," which, as we will see, caused considerable confusion and sparked, at least in part, this appeal.) Hopson was home in bed when the detectives executed the search warrant at 7:00 that night. A search of the bedroom turned up $3,000 in cash, which Hopson quickly claimed, and two guns, which (not surprisingly, considering that he was a convicted felon) he did not claim. The guns were stashed on a shelf in the bedroom closet, on what appeared to be Hopson's side, under some male clothing. Elsewhere in the apartment the detectives found bullets for the guns and a bulletproof vest that looked like it was Hopson's size. Hopson, who had been busted for dealing before, was charged with possessing the guns and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1).

At trial, the government showed that Hopson kept clothes, money, identification papers, and other personal effects in the apartment and that the guns were seized from under his clothes. Hopson's attorney pointed out, through cross-examination of the government's witnesses, that the clothes might not have belonged to Hopson and that some of the papers seized listed other addresses for Hopson. In the end, the jury chose to believe the government's evidence and found Hopson guilty.

On appeal, Hopson challenges the sufficiency of the evidence supporting the jury's verdict that he knowingly possessed the guns. Hopson acknowledges that he faces a heavy burden in challenging the sufficiency of the evidence. *See, e.g., United States v. Scott,* 145 F.3d 878, 883 (7th Cir.1998). And he falls short of meeting that burden. The evidence, which the jury was free to believe, showed that Hopson's car was registered to the Kingsport Road address and that it was parked outside the apartment at all hours over a period of 3 months; Hopson received mail there; he kept more than $3,000 in cash there; he kept clothes, pictures, identification papers, and other personal effects there; and he kept a bullet-proof vest there—all of which tended to show that Hopson called 7556 Kingsport Road his home. Also, in an O.J.-trial-like move, the government even had Hopson (who at 5'–4", was 5 inches shorter than a female who shared the apartment) try on the vest and—in a stunning blow—it fit! And this little demonstration, unlike the one in the O.J. trial, suggested conviction, not acquittal. Hopson, to be sure, introduced a voter registration card showing, coincidentally, that on the very day the police searched his apartment, he registered to vote using a different address. But that doesn't mean we should reverse. We leave credibility assessments and evidence-weighing to the jury and set aside its view of a case only when the record contains *no evidence,* regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. *United States v. Griffin,* 150 F.3d 778, 784 (7th Cir.1998). The police found the guns among *Hopson's* things, in *Hopson's* home (viewing the evidence in the light most favorable to the government), together with a bullet-proof vest that fit Hopson to a T. The evidence was sufficient to support the jury's verdict.

Hopson also challenges the warrant that authorized IPD to search the Kingsport Road apartment, arguing that it was "nothing more than a judicial approval

of the police request." The "warrant" in this case is a document entitled "Search Warrant Affidavit - Informant." It was submitted to the magistrate judge, along with a probable cause affidavit, both sworn by Detective Scott M. Sitton of the IPD. Magistrate Judge William Young signed the "Search Warrant Affidavit - Informant" and everyone involved considered the warrant issued. The document particularly described the place to be searched: "a multi-family town home apartment building with a red brick exterior, green and tan trim with the numbers 7556 affixed above the doorway, located in Lake Castleton Apartments located at 7556 Kingsport Road, Marion County, Indiana." It also particularly described the persons or things to be seized: "heroin, an extract of opium, any records, ledgers, money, or property believed by the affiant to be contraband which constitutes evidence of an offense. Or person located inside or about the residence that may be concealing ... illegal substances and or weapons or monies used in the furtherance of illegal narcotics trafficking." Finally, Judge Young weighed the statements and evidence presented to him and concluded that probable cause existed. That bears repeating: the magistrate judge—not the police—determined probable cause existed, and he had substantial reasons for coming to that conclusion. Hopson suggests that the judge's failure to prepare a separate warrant put him in cahoots with the IPD, making his signature on the warrant a rubber stamp of the IPD's warrant request. But that's not supported in the record. Using a document prepared by the police doesn't automatically equate with a failure to weigh the facts in a neutral, detached fashion. Although it certainly would have been better if the judge had signed a separate document entitled "Warrant," or at least stricken part of the existing heading, the document he signed passes constitutional muster. Our conclusion on this issue also disposes of Hopson's challenge to the deni-al of his motion to suppress. The judgment of the district court is

AFFIRMED.